1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    GERALD M. KORESKI,

                                          NO: 12-CV-3038-TOR
8                      Plaintiff,

                                          ORDER GRANTING DEFENDANT'S
9         v.                              MOTION FOR SUMMARY
                                          JUDGMENT
10   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
11   Administration[1],

12                      Defendant.

13        BEFORE THE COURT are the parties' cross motions for summary

14   judgment (ECF Nos. 14, 16, and 18).  Plaintiff is represented by D. James Tree.

15   _____

16   [1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on

17   February 14, 2013.  Under Rule 25(d) of the Federal Rules of Civil Procedure,

18   Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

19   No further action need be taken to continue this suit by reason of the last sentence

20   of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Defendant is represented by Terrye E. Shea.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

1  judgment for that of the Commissioner.  If the evidence in the record "is

2  susceptible to more than one rational interpretation, [the court] must uphold the

3  ALJ's findings if they are supported by inferences reasonably drawn from the

4  record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

5  court "may not reverse an ALJ's decision on account of an error that is harmless."

6  *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's]

7  ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).

8  The party appealing the ALJ's decision generally bears the burden of establishing

9  that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

10                    FIVE-STEP SEQUENTIAL EVALUATION PROCESS

11        A claimant must satisfy two conditions to be considered "disabled" within

12  the meaning of the Social Security Act.  First, the claimant must be "unable to

13  engage in any substantial gainful activity by reason of any medically determinable

14  physical or mental impairment which can be expected to result in death or which

15  has lasted or can be expected to last for a continuous period of not less than twelve

16  months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be

17  "of such severity that he is not only unable to do his previous work[,] but cannot,

18  considering his age, education, and work experience, engage in any other kind of

19  substantial gainful work which exists in the national economy." 42 U.S.C. §

20  1382c(a)(3)(B).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1    The Commissioner has established a five-step sequential analysis to

2    determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

3    404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v).  At step one, the Commissioner

4    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i);

5    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

6    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

7    404.1520(b); 416.920(b).

8    If the claimant is not engaged in substantial gainful activities, the analysis

9    proceeds to step two.  At this step, the Commissioner considers the severity of the

10   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the

11   claimant suffers from "any impairment or combination of impairments which

12   significantly limits [his or her] physical or mental ability to do basic work

13   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c);

14   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

15   however, the Commissioner must find that the claimant is not disabled. *Id.*

16   At step three, the Commissioner compares the claimant's impairment to

17   several impairments recognized by the Commissioner to be so severe as to

18   preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§

19   404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more

20

severe than one of the enumerated impairments, the Commissioner must find the

claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity

of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§

404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv);

416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(f); 416.920(f).  If the claimant is incapable of performing such work, the

analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing other work in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).  In making this determination,

the Commissioner must also consider vocational factors such as the claimant's age,

1    education and work experience.  *Id.*  If the claimant is capable of adjusting to other

2    work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

3    404.1520(g)(1); 416.920(g)(1).  If the claimant is not capable of adjusting to other

4    work, the analysis concludes with a finding that the claimant is disabled and is

5    therefore entitled to benefits.  *Id.*

6        The claimant bears the burden of proof at steps one through four above.

7    *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

8    the analysis proceeds to step five, the burden shifts to the Commissioner to

9    establish that (1) the claimant is capable of performing other work; and (2) such

10    work "exists in significant numbers in the national economy."  20 C.F.R. §§

11    404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir.

12    2012).

13                                    ALJ'S FINDINGS

14        Plaintiff protectively filed concurrent supplemental security income

15    disability benefits and disability insurance benefits applications on December 11,

16    2007.  Tr. 30.  He alleged an onset date of March 20, 2004.  Tr. 30, 135-48.  The

17    applications were denied initially and upon reconsideration and a hearing was

18    requested.  A hearing was held before Administrative Law Judge (ALJ) on August

19    4, 2009.  Tr. 37.  While represented by counsel, Plaintiff appeared and testified.

20    Tr. 37-53.

1    The ALJ issued a written decision on September 25, 2009.  Tr. 30-36.  The

2    ALJ concluded at step one that Plaintiff had not engaged in substantial gainful

3    activity since the alleged onset date.  Tr. 32.   At step two, the ALJ found the

4    Plaintiff had severe degenerative disk disease. Tr. 32.  At step three, the ALJ

5    determined that Plaintiff's severe impairments did not meet or equal the listings

6    found in 20 C.F.R. Pt. 404, Subpt. P., App. 1.  Tr. 32.  At step four, the ALJ

7    concluded that the Plaintiff could return to his past relevant work and denied his

8    claims on that basis.  Tr. 35-36.

9        The Appeals Council denied Plaintiff's request for review on January 26,

10   2012, making the ALJ's decision the Commissioner's final decision for purposes

11   of judicial review.  Tr. 1-7; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

12                                   ISSUE

13   Plaintiff raises two issues:

14       1. Did the ALJ err in improperly rejecting the claimant's subjective

15   complaints?

16       2. Did the ALJ err in failing to conduct an adequate step four analysis?

17                                 DISCUSSION

18   **A. Plaintiff's Subjective Complaints.**

19       The Plaintiff contends the ALJ failed to provide the required clear and

20   convincing reasons for rejecting his subjective complaints.  ECF No. 15 at 5-9.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Plaintiff contends the ALJ wrongly asserted that his pain is not as severe as alleged because Plaintiff was unable to afford treatment and Plaintiff attended his daughter's wedding. *Id.* at 6.

A claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 416.908. A claimant's statements about his her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.929(a). Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. §416.929(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff testified that severe pain in his back has kept him from working. Tr. 42. He also complains of constant right knee pain that periodically is severe. Tr. 44. He takes no medication for either pain. Tr. 43-44. No doctor has recommended surgery. *Id*. Plaintiff agrees that he can lift 20 pounds occasionally and 10 pounds frequently, sit for half-hour to an hour before needing to adjust his position, stand 15 minutes, and walk a half block before needing to rest. Tr. 45

The ALJ found Plaintiff's complaints of debilitating pain are not credible to the extent they are inconsistent with the residual functional capacity to perform light work, except to only occasionally climb ladders or ropes, use ramps or stairs, stoop, kneel or crawl. Tr. 33-34.

The ALJ recounted Plaintiffs daily living activities which were inconsistent with Plaintiff's degree of claimed disability.  Tr. 33-34.  While acknowledging that Plaintiff complained that he could not afford medical treatment, the ALJ noted Plaintiff was taking no medication, Tr. 33-34, for extended periods of time, Tr. 35, not even over the counter pain medicine.  While observing that Plaintiff was not receiving the type of medical treatment one would expect for a totally disabled person, Plaintiff cancelled a doctor's appointment so he could travel to Washington State from Texas to attend his daughter's wedding.  Tr. 35.  That is understandable, but the appointment was never rescheduled.

The ALJ observed that Plaintiff returned to college and left because of money and a disagreement with the school, not because of pain.  Tr. 34-35.

The ALJ reasoned that Plaintiff's complaints were not consistent with the objective medical evidence or consistent with the residual functional capacity assessment completed by the medical consultant.  Tr. 35.

Having thoroughly reviewed the record, the Court concludes that the ALJ supported his adverse credibility findings with specific, clear and convincing reasons which are supported by substantial evidence.  As the ALJ appropriately recognized, the record demonstrates that Plaintiff's physical impairments, while genuine, are not so severe as to preclude him from performing his past relevant work as a waste engineer of nuclear systems (database administrator).

**B.  Step Four Analysis.**

Plaintiff contends the ALJ failed to make the requisite findings at each of the three phases of the step four analysis.  ECF No. 15 at 9-11 and ECF No. 23 at 5-7. Citing SSR 82-62, Plaintiff contends the ALJ made erroneous findings with respect to his residual functional capacity, did not make any finding regarding the specific demands of his past relevant work, and did not compare the specific demands of his past work with the his specific functional limitations.  He contends the ALJ allowed the remainder of the step four analysis to take place solely in the vocational expert's head, in violation of the holding in *Pinto v. Massanari*, 249 F.3d 840, 845-47 (9th Cir. 2001).

While the claimant bears the burden of proof at step four, the Commissioner is required "to make the appropriate findings to insure that the claimant really can perform his or her past relevant work."  *Id*. at 845.

In this case, the ALJ found "the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ladders or ropes; use ramps or stairs; stoop; kneel; or crawl."  Tr. 33.  For the next three pages of his opinion, the ALJ explains his reasoning in arriving at this finding.  Tr. 33-35.  As discussed more fully above, the Court has reviewed that reasoning and finds that it is supported by substantial evidence in the record.  The Plaintiff contends the ALJ improperly rejected his

1   subjective complaints, specifically his inability to sit or stand for prolonged

2   periods.  ECF No. 15 at 10.  As indicated, that issue has been resolved above.

3          Next, Plaintiff contends the ALJ did not make findings regarding the

4   specific demands of his past relevant work.  *Id*.  The ALJ understood that Plaintiff

5   had past relevant work as a "waste engineer data."  The ALJ accepted the

6   vocational expert's testimony and found that "the claimant past relevant work

7   consisted of light, skilled work."  Tr. 36.  The ALJ then documented that the

8   vocational expert testified "in accordance with the Dictionary of Occupational

9   Titles, that a hypothetical individual with the claimant's residual functional

10  capacity and vocational profile could return to his past relevant work as a "waste

11  engineer data" as performed by the claimant."  Tr. 36.

12         Finally, the ALJ made a specific finding, "[i]n comparing the claimant's

13  residual functional capacity with the physical and mental demands of this work, the

14  undersigned finds that the claimant is able to perform it as actually and generally

15  performed."  *Id*.

16         Unlike the ALJ in *Pinto*, the ALJ here specifically noted that plaintiff would

17  be able to perform past relevant work as generally performed. Tr. 36.

18  Furthermore, in *Pinto*, there was uncontradicted evidence that the RFC contained a

19  limitation inconsistent with past relevant work as actually performed and a

20  limitation inconsistent with the Dictionary of Occupational Titles description as

1  generally performed.  *Id*. at 845, 847.  Here, plaintiff identifies no inconsistencies.

2  While the ALJ could have discussed the physical requirements of the job further if

3  there were truly a dispute as to any particular aspect, but here there were no

4  disputes except the sitting (*see* Tr. 41) and standing aspects which have been

5  resolved above.

6                                                    CONCLUSION

7         The Court finds that the reasons the ALJ gave for rejecting Plaintiff's

8  claimed severity of his subjective complaints are specific, clear and convincing and

9  supported by substantial evidence.  The ALJ did not commit legal error in the step

10 four analysis and corresponding findings.

11 **ACCORDINGLY, IT IS HEREBY ORDERED:**

12        1.  Defendant's Motion for Summary Judgment, ECF No. 18, is

13             **GRANTED**.

14        2.  Plaintiff's Motion for Summary Judgment, ECF Nos. 14 and 16, is

15             **DENIED**.

16        The District Court Executive is hereby directed to file this Order, enter

17 Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

18        **DATED** May 2, 2013.

19

20                       THOMAS O. RICE
                                       United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13